## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

DIVINA BIGLER,

    Plaintiff,

v.                    Case No.  2:23-cv-946-SPC-KCD

SANOFI-AVENTIS U.S. LLC, ET AL.

    Defendants.

_____/

### JOINT STATUS REPORT

Pursuant to this Court's November 20, 2023 Order, the parties submit:

**I.  An Explanation of the MDL Remand Order to the Extent the Remand Order Specifically Applies to the Instant Case**

On October 4, 2016, pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation created *In re: Taxotere (Docetaxel) Products Liability Litigation*, MDL 2740, in the United States District Court, Eastern District of Louisiana, to coordinate pretrial discovery among thousands of individually filed product liability actions against manufacturers of the chemotherapy drug docetaxel (Taxotere), including Sanofi.  The MDL is pending before the Honorable Jane Triche Milazzo. More than 15,000 lawsuits have been filed in the MDL against a number of defendants, and more than 10,000 cases are currently pending in the MDL Court, including approximately 6,000 naming only Sanofi.

On May 12, 2023, the MDL Court found that the "purposes behind consolidation [had] been served," and transferred 81 out of 200 "Wave 1" cases to

"the appropriate district courts" in accordance with 28 U.S.C. § 1404, including five transferred to this District.  *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. 2:16-md-02740, (Doc. 15836) (E.D. La. May 12, 2023) ("Transfer Order") at 1–2.  More recently, the MDL Court remanded another wave of cases, which includes this case, as well as 36 other cases to the Middle District of Florida.  There are also 16 cases being remanded to the Southern District of Florida and four cases being remanded to the Northern District of Florida.

The MDL Court intends to continue remanding cases from the MDL to federal district courts across the country in the future.  In total, there are about 500 additional cases that have named Florida District Courts as their proper venue.  In transferring the cases, the MDL court issued the transfer order to provide guidance and background to the district courts receiving these cases.

## II.   The Status of Discovery and What Further Discovery Remains

Through coordinated proceedings in the MDL, the Court facilitated general expert, corporate, and third party discovery.  *See* Transfer Order, at 44 ("Because all general fact and expert discovery has been completed in the MDL, the courts receiving these cases need not be concerned with facilitating general expert, corporate, and third-party discovery.").  General MDL discovery directed at Sanofi—which resulted in the production of 43 corporate custodial files comprising more than 500,000 documents (6.3 million pages), 39 total depositions of 28 witnesses (including nine 30(b)(6) depositions), and responses to more than 160 written discovery requests—concluded on December 15, 2018.  *See* Transfer Order, at 8.  While this body of general discovery

remains available to plaintiffs for use in cases remanded from MDL 2740, no additional general discovery against Sanofi shall be permitted post-remand.  *Id.*

Sanofi's position is that extensive general discovery against Sanofi, including punitive damages discovery, was conducted for the benefit of all cases pending in the MDL regardless of venue pursuant to the General Discovery Order entered in the MDL.  Consistent with the purposes of an MDL, general and punitive damages discovery was not limited to issues relevant to Louisiana law.  *See* Ann. Manual Complex Lit. § 22.8 (4th ed.) (MDL courts typically "direct initial discovery toward matters bearing on the defendants' liability to all plaintiffs").  Plaintiff's position is that general discovery was not taken on the issue of punitive damages, as defendants took the position that such discovery was case/state specific and because *Lexecon* prevented the trial of a case in a jurisdiction that allowed for imposition of punitive damages. The only MDL trials were in Louisiana, where punitive damages are not allowed in this type of case.

Under the General Discovery Order, the MDL court limited Plaintiffs to 30 depositions of Sanofi witnesses, including current and former employees and corporate representatives.  The deadline for general discovery against Sanofi expired on December 15, 2018.  Since that time, the MDL court has denied additional general discovery requests against Sanofi.

Sanofi disclosed information on 50 potential custodians.  Plaintiffs selected 36 custodians from the United States and seven from the European Union on which to conduct discovery.  Sanofi produced more than 576,100 documents (or 6,320,000

3

pages).   Many of these documents remain subject to protective orders of confidentiality.

In total, 28 company witnesses from Sanofi were deposed, including Sanofi's 30(b)(6) witnesses.  *See* Transfer Order at 8-9.  While this body of general discovery remains available to plaintiffs for use in cases remanded from MDL 2740, no additional general discovery against Sanofi shall be permitted post-remand.  *Id.* Accordingly, no case-specific 30(b)(6) depositions are to be taken, as all corporate discovery was completed in the MDL.  Notably, no case-specific 30(b)(6) depositions were requested or taken prior to trial in the two cases tried in the MDL.

To date, minimal case-specific discovery has been conducted in this case. Limited case-specific records collection has occurred.  The parties exchanged Fact Sheets but no case-specific fact depositions have been taken. Under PTO 68, the Court required Plaintiffs to produce dated photographs that depict their hair within five years of starting chemotherapy, during chemotherapy, within five years of completing chemotherapy, and recent photographs.  *Id.* at 12.

Before this case will be ready for trial, the parties will need to complete additional and extensive discovery, including records collection, Sanofi may conduct written discovery (which was deferred by the MDL court until remand), many fact witness will be deposed, many treating doctors will be deposed, and the parties will need to conduct general and case-specific expert discovery.  *See* Transfer Order, at 44-45 (noting that case-specific discovery and dispositive, *Daubert*, and pre-trial motions are to be anticipated on remand).

In this case, like others previously consolidated in MDL 2740, Plaintiff claims she experienced permanent hair loss following treatment for breast cancer with the chemotherapy drug Taxotere.  As such, Plaintiff's claims entail complex questions of medical injury, medical causation, and personal and medical damages implicating many diverse aspects of her medical history.  These include her cancer diagnosis, care and follow-up; any treatment for, diagnosis or discussion of hair loss with any provider; other health issues bearing on cancer treatment options, hair loss, and quality of life such as genetic, hormonal, and autoimmune issues; and non-medical evidence regarding Plaintiff's hair and quality of life over time including photographs and evidence and testimony from cosmetic service providers, friends and family.  Anticipated discovery needs are guided by the parties' experience in the two bellwether cases tried in the MDL Court.

Each of the two MDL bellwether cases brought to trial required thorough case-specific document collection as part of trial work-up.  Due to the multi-step bellwether selection process and the complex nature of Taxotere cases, the bellwether Plaintiff productions took place in several phases over more than two years, with each bellwether Plaintiff eventually producing 1500-2000 pages of documents following various disputes, searches, and productions.  In both bellwether trial cases, Plaintiffs ultimately produced hundreds of pages of responsive photographs, ESI, journals/blogs/personal notes, and patient education materials.  In addition, in each case the parties collected over 6,000 pages of medical records from 20+ facilities and medical providers.  Notably, medical records collection proved difficult and time-

consuming given the passage of more than seven years between each bellwether Plaintiff's alleged injury and her trial—during which many of the bellwether Plaintiffs' medical providers changed practices or records systems or simply destroyed old records. Likewise, in this case, many years have passed since Plaintiff's alleged injury, creating similar challenges for case-specific document collection.

Plaintiffs with cases pending in MDL 2740 were not subject to case-specific written discovery beyond the initial Plaintiff Fact Sheet until such case was selected for bellwether work-up. In the two MDL trial cases (as well as more than 20 other Sanofi bellwether cases that were ultimately dismissed with prejudice, withdrawn, or ruled ineligible for trial), the Court approved and Plaintiffs were served with several sets of case-specific Interrogatories (15-20 in total), Requests for Production (~25), and Requests for Admission (~25). This discovery helped both to complete the record and to focus the issues before trial, and many of the documents, information and admissions ultimately used at trial were produced in response to these requests.

The instant matter was not selected for bellwether treatment in the MDL and has never been subject to case-specific written discovery. *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. 2:16-md-02740, Case Management Order No. 33 at ¶ 5(c). Given MDL experience, Sanofi anticipates serving written discovery in the above-captioned case on a similar scale to those tried in the MDL.

In each of the two bellwether cases brought to trial in the MDL, the parties produced preliminary witness lists in which the trial Plaintiffs identified 15-20 case-specific fact witnesses relevant to her claims. Accordingly, the parties deposed more

6

4860-6351-7836

than 15 fact witnesses in each case, including 8-10 case-specific medical treaters and 5-8 party and friend/family witnesses.  In addition, the parties identified and deposed approximately 10 case-specific expert witnesses in each case.

As noted above, no case-specific depositions have been taken.  Based on past experience, Sanofi anticipates deposing the plaintiff, fact witnesses, treating physicians, and experts.  In addition to these depositions, Plaintiff may depose Sanofi's sales representatives.[1]

### III. The Status of Any Motion Practice Including Any Motions that the Transferor Court Previously Resolved, Any Pending Motions, and Whether Further Motions Are Necessary

#### a. Prior Rulings by Transferor Court

Below is a rulings chart made by the transferor court.  Many of these documents are discussed in further detail in the MDL Court's Transfer Order.

| ECF No. | Date Filed | MDL Rec. Doc. | Description |
|---------|------------|---------------|-------------|
| 5-1 | 10/4/2016 | 81 | Transfer Order consolidating cases for coordinated pretrial proceedings in MDL 2740 in the Eastern District of Louisiana |
| 5-3 | 12/13/2016 | 131 | PTO 5 - Governs process for Plaintiffs to directly file Short Form Complaints in MDL 2740. |
| 5-4 | 1/3/2017 | 160 | PTO 9 - Streamlined service on sanofi-aventis U.S. LLC (providing method for email service of MDL Complaints on defendant Sanofi) |
| | 4/14/2017 | 325 | PTO 22A - Service of Plaintiff Fact Sheets and Defendant Fact Sheets (establishing substance, timing, and method of Parties' Fact Sheet obligations and providing for 'show cause' process to challenge fact sheet deficiencies) |

---

[1] Sanofi reserves the right to object to sales representative depositions.

| ECF No. | Date Filed | MDL Rec. Doc. | Description |
|---|---|---|---|
| 5-6 | 4/14/2017 | 326 | PTO 38 - Amending PTO 18 to provide now-operative Court-ordered PFS and DFS forms |
| 5-8 | 7/6/2017 | 611 | PTO 49 - ESI Protocol |
| 5-9 | 7/6/2017 | 612 | PTO 50 - Protective Order (governing production, designation and use of confidential information in discovery) |
| 5-13 | 8/23/2017 | 762 | CMO-5 General Discovery Protocol establishing exclusive procedures and schedules governing general discovery on Sanofi defendants |
| 5-15 | 8/30/2017 | 784 | Minute Entry and Order granting in part and denying in part [489] Sanofi's Motion to Dismiss Plaintiffs' Master Long Form Complaint and granting in part and denying in part [469] Plaintiffs' Motion to Remand certain cases to the Superior Courts of California |
| 5-16 | 9/27/2017 | 877 | PTO 61 - Order dismissing Count 2 (negligent misrepresentation) and 8 (breach of express warranty) of Master Complaint and granting Plaintiffs 14 days to amend SFCs to allege corresponding state law claims |
| 5-20 | 11/13/2017 | 1085 | PTO 68 – 10/27/2017 Conference of the Steering Committees and ESI Guidance providing detailed guidance on Plaintiffs' obligations to search for and produce electronically stored information) |
| 5-21 | 11/15/2017 | 1110 | CMO-9 Deposition Protocol (governing scheduling, notice and conduct of fact and expert witness depositions) |
| 5-22 | 1/4/2018 | 1462 | PTO 72 - Dismissal of Sanofi SA and Aventis Pharma (dismissing Sanofi's French parent entities from all cases) |
| 5-24 | 1/26/2018 | 1531 | PTO 71A - Replacing PTO 71 - re Governing Plaintiff's Responsibilities Relevant to ESI (setting forth Plaintiff's duties search for, produce, and certify efforts to find ESI) |
| 5-25 | 7/24/2018 | 3492 | CMO-12A re Amended Product ID Order (governing the parties' obligations with respect to identifying the specific manufacturer of the docetaxel product used by the Plaintiff, and naming the appropriate defendant) |

| ECF No. | Date Filed | MDL Rec. Doc. | Description |
|---|---|---|---|
| 5-27 | 11/8/2018 | 5008 | CMO 15 re Pathology Protocol (governing preservation and transfer of biopsy specimens for use in medical diagnosis of injury) |
| | 11/13/2018 | 5256 | PTO 70B Regarding Contact with Physicians (governing the Parties' rights and obligations when contacting doctors who prescribed Plaintiffs' docetaxel or treated alleged hair loss) |
| 5-29 | 8/5/2019 | 7807 | Order and Reasons granting in part and denying in part [6130] Sanofi's Motion to Exclude testimony of Plaintiff Earnest's oncology expert Dr. Linda Bosserman |
| 5-30 | 8/14/2019 | 7973 | Order and Reasons denying in part and deferring in part [6186] Sanofi's Motion for Summary Judgment against Plaintiff Earnest on preemption grounds |
| 5-32 | 8/23/2019 | 8094 | Order and Reasons denying [6163] Sanofi's Motion to Exclude Plaintiff Earnest's general causation expert testimony and [6144] Sanofi's Motion to Exclude testimony of Plaintiff Earnest's biostatistics expert Dr. David Madigan and denying in part and granting in part [6149] Sanofi's Motion to Exclude testimony of Plaintiff Earnest's general oncology expert Dr. Ellen Feigal |
| 5-33 | 8/23/2019 | 8095 | Order and Reasons denying [6162] Sanofi's Motion to Exclude Plaintiff Earnest's expert testimony on specific causation |
| 5-34 | 8/23/2019 | 8097 | Order and Reasons denying in part and deferring in part [6155] Sanofi's Motion to Exclude testimony of Plaintiff Earnest's pharmacology and toxicology expert Dr. Laura Plunkett |
| 5-35 | 8/29/2019 | 8133 | Order and Reasons denying [7322] Plaintiff Earnest's Motion to Exclude testimony of Sanofi's dermatology expert Dr. Jerry Shapiro and Sanofi's dermatopathology expert Dr. Chandra Smart regarding stem cells staining as a diagnostic tool |
| 5-36 | 9/3/2019 | 8153 | Order and Reasons granting in part, denying in part, and deferring in part [6146] Sanofi's Motion to Exclude testimony of Plaintiff Earnest's regulatory expert Dr. David Kessler |

| ECF No. | Date Filed | MDL Rec. Doc. | Description |
|---|---|---|---|
| 5-37 | 9/3/2019 | 8198 | Minute Entry re: various Sanofi and Plaintiff Motions in Limine |
| 5-38 | 9/10/2019 | 8201 | Order and Reasons re: various Sanofi and Plaintiff Motions in Limine |
| 5-39 | 9/10/2019 | 8206 | Order and Reasons re various Sanofi and Plaintiff Motions in Limine |
| 5-40 | 9/10/2019 | 8207 | Order Amending [8198] Minute Entry to deny Sanofi's Motion in Limine No. 25 on evidence of "ongoing" alopecia |
| 5-41 | 9/11/2019 | 8216 | Order granting Sanofi's Motion in Limine No. 28 to Exclude evidence of FDA's January 2011 warning letter and corresponding 483 Inspection, and deferring Sanofi's Motion in Limine No. 5 to Exclude evidence of adverse event reports or other complaints unrelated to Plaintiff Earnest |
| 5-45 | 12/12/2019 | 8702 | Order and Reasons denying [8334] Plaintiffs Steering Committee's Motion to File Third Amended Master Complaint |
|  | 12/12/2019 | 8703 | Order and Reasons granting in part and denying in part [8577] Plaintiffs Wanda Stewart, Dora Sanford, and Alice Hughes's Motion for Leave to File Amended Short Form Complaints |
| 5-46 | 1/23/2020 | 9110 | Order and Reasons granting [8779] Sanofi's Motion for Summary Judgment against Plaintiff Cynthia Thibodeaux on statute of limitations grounds |
| 5-47 | 3/3/2020 | 9440 | Order and Reasons granting [5730] Sanofi's Motion for Summary Judgment against Plaintiff Kelly Gahan on warnings causation |
| 5-48 | 4/7/2020 | 9885 | Order and Reasons denying [9295] Sanofi's Motion for Summary Judgment against Plaintiff Elizabeth Kahn on statute of limitations grounds |
| 5-49 | 4/7/2020 | 9887 | Order and Reasons granting [9299] Sanofi's Motion for Summary Judgment against Plaintiff June Phillips on warnings causation grounds |
| 5-50 | 4/7/2020 | 9888 | Order and Reasons granting in part and denying in part [9300] Sanofi's Motion for Summary Judgment against Plaintiff Kahn on warnings causation grounds |

10

| ECF No. | Date Filed | MDL Rec. Doc. | Description |
|---|---|---|---|
| 5-51 | 5/11/2020 | 10338 | PTO 105 Pretrial Order No. 105 governing statute of limitations-related Short Form Complaint amendments in light of [8702] Order denying Plaintiffs' Motion to file Third Amended Complaint and [8703] Order granting in part and denying in part Plaintiffs Stewart, Sanford, and Hughes's Motion for Leave to File Amended Short Form Complaints |
| 5-52 | 5/13/2020 | 10399 | Order and Reasons denying [9946] Motion for Reconsideration of [9885] Order denying [9295] Sanofi's Motion for Summary Judgment against Plaintiff Elizabeth Kahn on statute of limitations grounds |
| 5-53 | 5/27/2020 | 10464 | Order and Reasons granting [9268] Sanofi's Motion for Summary Judgment against Plaintiffs whose Taxotere treatment started after December 11, 2015 |
|  | 5/27/2020 | 10465 | Order and Reasons granting in part and denying in part [9166] Plaintiffs Kahn and June Phillips's Motion for Leave to File Amended Short Form Complaints |
| 5-54 | 6/1/2020 | 10487 | Order and Reasons granting in part and deferring in part [8977] Sanofi's Motion for Summary Judgment against Plaintiffs whose Taxotere treatment started before December 15, 2006 |
| 5-55 | 7/1/2020 | 10704 | Order and Reasons denying [9230] Plaintiff's Motion for Partial Summary Judgment on Affirmative Defenses Under La. Rev. Stat. 9:2800.59 |
| 5-56 | 7/23/2020 | 10832 | Order and Reasons granting in part and denying in part [6076] Sanofi's Motion for Summary Judgment against Plaintiff Antoinette Durden on warnings causation grounds |
| 5-57 | 7/23/2020 | 10833 | Order and Reasons granting [6077] Sanofi's Motion for Summary Judgment against Plaintiff Antoinette Durden on statute of limitation grounds |
| 5-58 | 8/11/2020 | 10908 | Order deferring [10808] Sanofi's Motion for Order Requiring Proof of Medical Injury Diagnosis |

| ECF No. | Date Filed | MDL Rec. Doc. | Description |
|---|---|---|---|
| | 9/22/2020 | 11129 | Order granting in part and denying in part [10668] Plaintiffs Cynthia Brown, Sandra Burks, Angela Durden, Juanita Greer, Hattie Grines, Mildred Kumar, Minnie Moore, Shirlon Pigott, Melissa Roach, Cindy Smith, and Emma Willie's Motion for Leave to File Amended Short Form Complaints |
| 5-61 | 12/18/2020 | 11682 | Order and Reasons granting in part and denying in part [11020] Sanofi's Motion for Summary Judgment against Plaintiff Kahn on Preemption grounds |
| 5-62 | 12/18/2020 | 11683 | Order and Reasons denying [10667] Motion for Reconsideration of Sanofi's Motion for Summary Judgment against Plaintiffs whose Taxotere treatment started before December 15, 2006 |
| 5-63 | 12/18/2020 | 11684 | Order and Reasons denying [10928] Plaintiff Kahn's Motion for Partial Summary Judgment on Affirmative Defenses Concerning Alternative Causes |
| 5-64 | 12/18/2020 | 11685 | Order and Reasons denying [10936] Plaintiff Kahn's Motion for Partial Summary Judgment on general causation |
| 5-65 | 1/8/2021 | 11780 | Order and Reasons denying [10924] Plaintiff Kahn's Motion to Exclude testimony of Sanofi expert oncologist Dr. John Glaspy |
| 5-66 | 1/8/2021 | 11781 | Order and Reasons denying [10926] Plaintiff's Motion to Exclude testimony of Sanofi's regulatory expert Dr. Janet Arrowsmith |
| 5-67 | 1/8/2021 | 11782 | Order and Reasons denying [10915] Plaintiff Kahn's Motion for Partial Summary Judgment on the Comparative Fault of her Treating Physicians and Misuse of Taxotere |
| 5-68 | 1/8/2021 | 11803 | Order and Reasons granting in part and denying in part [10921] Plaintiff Kahn's Motion to Exclude and/or Limit Testimony of her treating oncologists Dr. Carl Kardinal and Dr. Zoe Larned |
| 5-69 | 1/12/2021 | 11804 | Order and Reasons granting in part and denying in part [10919] Plaintiff Kahn's Motion to Exclude testimony of Sanofi's oncology expert Dr. Gerald Miletello |

12

| ECF No. | Date Filed | MDL Rec. Doc. | Description |
|---|---|---|---|
| 5-70 | 1/12/2021 | 11810 | Order and Reasons granting in part and denying in part [10931] Sanofi's Motion to Exclude testimony of Plaintiff Kahn's oncology expert Dr. Feigal |
| 5-71 | 1/13/2021 | 11823 | Order and Reasons granting in part and denying in part [10918] Sanofi's Motion to Exclude testimony of Plaintiff Kahn's pharmacology and toxicology expert Dr. Laura Plunkett |
| 5-72 | 1/13/2021 | 11824 | Order and Reasons granting [10821] Sanofi's Motion for Summary Judgment against bellwether Plaintiff Shelia Crayton for failure to produce expert evidence creating an issue of fact on causation |
| 5-74 | 1/22/2021 | 12057 | Order and Reasons granting [11010] Sanofi's Motion for Judgment on the Pleadings against bellwether Plaintiff Juanita Greer on statute of limitations grounds |
| 5-75 | 1/29/2021 | 12098 | Order and Reasons granting in part and denying in part [11003] Sanofi's Motion to Exclude testimony of Plaintiff Kahn's expert biostatistician Dr. David Madigan |
| 5-76 | 2/1/2021 | 12107 | Order and Reasons denying [10940] Plaintiff Kahn's Motion to Exclude testimony of Sanofi's expert biostatistician Dr. L.J. Wei |
| 5-77 | 2/1/2021 | 12108 | Order and Reasons granting in part and denying in part [10934] Plaintiff Kahn's Motion to Exclude testimony of Sanofi's expert cancer epidemiologist Dr. Ellen Chang |
| 5-78 | 2/1/2021 | 12109 | Order and Reasons granting in part and denying in part [10929] Sanofi's Motion to Exclude testimony of Plaintiff Kahn's expert oncologist Dr. Linda Bosserman |
| 5-79 | 2/12/2021 | 12160 | Order and Reasons denying [11357] Plaintiff Kahn's Motion to Exclude testimony of Sanofi's expert dermatologist Dr. Mamina Turegano |
| 5-80 | 2/18/2021 | 12173 | Order denying as Moot [10999] Sanofi's Motion to Exclude testimony of Plaintiff Kahn's regulatory expert Dr. David Kessler |

| ECF No. | Date Filed | MDL Rec. Doc. | Description |
|---|---|---|---|
| 5-81 | 4/7/2021 | 12401 | Order and Reasons denying [11377] Sanofi's Motions to Exclude testimony of Plaintiff Kahn's expert dermatologist Dr. Antonella Tosti and [11378] Sanofi's Motion for Summary Judgment against Plaintiff Kahn on specific causation grounds |
| 5-82 | 4/7/2021 | 12402 | Order and Reasons denying [11361] Plaintiff Kahn's Motion to Exclude testimony of Sanofi's expert dermatologist Dr. Jerry Shapiro |
| 5-83 | 4/7/2021 | 12403 | Order and Reasons denying [12195] Sanofi's Motion to Reconsider Order [12098] granting in part and denying in part [11003] Sanofi's Motion to Exclude testimony of Plaintiff Kahn's expert biostatistician Dr. Madigan |
| 5-84 | 4/7/2021 | 12404 | Order and Reasons denying [11355] Plaintiff Kahn's Motion to Exclude testimony of Sanofi's expert oncodermatologist Dr. Azael Freites-Martinez |
| 5-85 | 4/7/2021 | 12405 | Order and Reasons granting [10978] Sanofi's Motion for Summary Judgment against Plaintiff Brenda Mixon and Entry of Order to Show Cause under the Michigan Products Liability Act |
| 5-86 | 4/19/2021 | 12491 | Order and Reasons granting [12202] Sanofi's Motion for Summary Judgment against bellwether Plaintiff Emma Willie on warnings causation grounds |
| | 4/19/2021 | 994 F.3d 704 | Opinion Affirming [9887] Order granting Summary Judgment against bellwether Plaintiff June Phillips on warnings causation grounds |
| | 4/21/2021 | 995 F.3d 384 | Opinion Affirming [7571, 9110] Order granting Summary Judgment against Plaintiffs Thibodeaux, Johnson, and Francis on Statue of Limitations grounds |
| 5-87 | 5/21/2021 | 12718 | Order and Reasons granting [12198] Sanofi's Motion for Summary Judgment against bellwether Plaintiff Melissa Roach on statute of limitations grounds |
| 5-89 | 6/4/2021 | 12805 | Order and Reasons denying [12542] Sanofi's Motion for Reconsideration of [9885] Order denying [9295] Sanofi's Motion for Summary Judgment against Plaintiff Elizabeth Kahn on statute of limitations grounds |

14

| ECF No. | Date Filed | MDL Rec. Doc. | Description |
|---|---|---|---|
| | 6/9/2021 | 860 F. App'x 886 | Opinion Affirming [10833] Order granting [6077] Sanofi's Motion for Summary Judgment against Plaintiff Antoinette Durden on statute of limitation grounds |
| | 6/17/2021 | 2021 WL 3674122 | Opinion dismissing Appeal of [12057] Order granting [11010] Sanofi's Motion for Judgment on the Pleadings against Plaintiff Greer on statute of limitations grounds |
| | 7/1/2021 | 859 F. App'x 692 | Opinion Affirming [9440] Order granting [5730] Sanofi's Motion for Summary Judgment against Plaintiff Kelly Gahan on warnings causation grounds |
| 5-92 | 7/14/2021 | 13062 | Order and Reasons denying [12536] Sanofi's Motion for Reconsideration of [9888] Order denying in part and granting in part [9300] Sanofi's Motion for Summary Judgment against Plaintiff Kahn on warnings causation grounds |
| 5-93 | 7/14/2021 | 13063 | Order and Reasons denying [12576] Sanofi's Motion to Exclude testimony of Plaintiff Kahn's regulatory expert Dr. David Ross |
| 5-94 | 7/14/2021 | 13064 | Order and Reasons granting [12200] Sanofi's Motion for Summary Judgment against bellwether Plaintiff Cindy Smith on statute of limitations grounds |
| 5-95 | 7/15/2021 | 13072 | Order and Reasons denying [12582] Plaintiff Kahn's Motion to Exclude Supplemental Opinion of Sanofi's expert cancer epidemiologist Dr. Ellen Chang |
| 5-96 | 7/23/2021 | 13131 | Order and Reasons granting in part and denying in part [12575] Sanofi's Motion to Exclude Supplemental Opinion of Plaintiff's expert pharmacologist and toxicologist Dr. Laura Plunkett |
| | 7/29/2021 | | Transcript of Oral Reasons Denying [12916] Sanofi's Second Motion for Reconsideration of Order [9885] Denying [9295] Sanofi's Motion for Summary Judgment against Plaintiff Kahn on Statute of Limitations Grounds |
| 5-98 | 9/13/2021 | 13260 | Order and Reasons regarding multiple Motions in Limine (Kahn) |
| 5-99 | 10/15/2021 | 13327 | Show Cause Minute Entry dismissing claims of 358 Michigan Plaintiffs under Michigan Product Liability Act |

4860-6351-7836

| ECF No. | Date Filed | MDL Rec. Doc. | Description |
|---|---|---|---|
| 5-101 | 11/18/2021 | 13433 | Order denying [13422] Plaintiff Kahn's Renewed Motion in Limine to Exclude Argument for Alternative causation |
|  | 2/10/2022 | 26 F.4th 256 (5th Cir. 2022) | Opinion Reversing and Remanding Jury Verdict against Plaintiff Barbara Earnest based on improper lay opinion testimony of Sanofi's corporate witness Michael Kopreski |
| 5-102 | 3/21/2022 | 13946 | CMO 33 - Selection, Discovery, and Remand for 200 cases comprising MDL remand Wave 1 |
| 5-103 | 4/1/2022 | 13981 | Order granting [12729] Plaintiffs' Steering Committee's Motion to Preserve Expert Testimony |
| 5-104 | 4/19/2022 | 14045 | CMO 34 – Identifying 200 cases to proceed with Wave 1 discovery pursuant to [13946] CMO 33 |
| 5-105 | 5/13/2022 | 14207 | Order denying without prejudice [14105, 14106, 14107, 14108, 14109] Sanofi's Motions for Judgment on the Pleadings as to the claims of Alabama Plaintiff Beverly Dickerson, Idaho Plaintiff Catherine Hurrell, North Carolina Plaintiff Annie Johnson, North Dakota Plaintiff JoAnn Coates, and Virginia Plaintiff Margaret Bailey, to be re-urged in the respective District Courts. |
|  | 7/13/22 | 14431 | Show Cause Minute Entry dismissing claims of 89 Plaintiffs on Mississippi state of limitations grounds |
|  | 7/18/22 | 14432 | Order dismissing claims of 134 Plaintiffs on Mississippi state of limitations grounds |
| 5-106 | 7/26/2022 | 14454 | Order denying Without Prejudice [13580, 13581, 13582, 13583, 13584] Sanofi's Motions for Summary Judgment Pursuant to the Mixon Order on the Michigan Product Liability Act Under New Jersey, Indiana, Oregon, Wisconsin, and Illinois Choice of Law Analysis, to be re-urged in the respective District Courts upon remand |
| 5-107 | 7/26/2022 | 14456 | CMO 35 Ordering Service of Process on all Defendants Completed by August 31, 2022 |
| 5-108 | 10/12/2022 | 14925 | CMO 36 - Preservation of General Expert Testimony |
| 5-109 | 12/6/2022 | 15287 | CMO 12A Addendum describing circumstantial product ID information to be considered by the Court |

| ECF No. | Date Filed | MDL Rec. Doc. | Description |
|---|---|---|---|
| 5-110 | 12/29/2022 | 15322 | Order and Reasons denying [14509] Motion for Reconsideration of [14431 and 14432] Orders dismissing 223 cases on Mississippi statute of limitations grounds |
| 5-111 | 2/23/2023 | 15547 | CMO 34C identifying 98 cases still proceeding with Wave I discovery |
| 5-115 | 5/11/2023 | 15834 | CMO 39 Summary of MDL 2740 Proceedings Upon Suggestion of Remand or Transfer of Wave 1 Cases |
| 5-116 | 5/12/2023 | 15836 | Transfer Order of 81 Wave 1 Cases (including summary of MDL 2740 proceedings) |

### b. Pending Motions

There are no pending motions in this case.

### c. Further Motions

Based on the volume of remanded cases, Sanofi may request that this Court consider unique and efficient ways to manage the volume of cases through a stay or bifurcation. The MDL Court intends to transfer another approximately 6,000 individual pending actions, in which Sanofi is the only named defendant, to their respective federal districts on a rolling basis in the near future. Of the 6,000, approximately 500 cases will likely transfer to Florida District Courts. None of these cases will have undergone <u>any</u> case-specific fact discovery, beyond the exchange of Plaintiff and Defendant Fact Sheets.

To conserve resources, especially judicial resources, it is Sanofi's position that a stay will benefit the Court in determining the best way to manage this large influx of cases. Then once the cases are fully transferred, the Court could treat the cases as a

mini-MDL and, through a selection process, pick the most representative case to work up and set for trial.

If the Court is not inclined to stay this action, Sanofi suggests bifurcating the schedule to permit the depositions of plaintiff and prescribing oncologist first. After these two to three depositions are taken, Sanofi requests early dispositive motion practice on statute of limitations and learned intermediary. This approach has been successful in leading to faster and more cost-effective resolutions in other districts. For example, Judge Corley in the Northern District of California permitted early motion practice in a remanded case, similar to this one. Judge Corley heard oral argument on that motion on September 26, 2023. After reviewing the parties' submissions and hearing oral argument, Judge Corley agreed that the case was time barred and dismissed it. *See supra* at 20-21.

There have been no case-wide dispositive rulings in the MDL Court, whether on preemption, medical causation, or statute of limitations. The MDL Court granted judgment on the pleadings in all Mississippi cases with facially untimely complaints— though declining to rule on similar motions based on state law from outside the Fifth Circuit. *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. 18-11728, 2021 WL 230243, at *5 (E.D. La. Jan. 22, 2021), *appeal dismissed sub nom. Greer v. Sanofi U.S. Servs., Inc.*, No. 21-30099, 2021 WL 3674122 (5th Cir. June 17, 2021); *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. 2:16-md-02740, (Doc. 15322) (E.D. La. Dec. 29, 2022); Transfer Order, at 26–27.

The Fifth Circuit, for its part, has found that publicly available internet, media, and medical sources alleging a connection between Taxotere and persisting hair loss as early as 2006 would have alerted a reasonably diligent Plaintiff to her potential claims.  *See* Transfer Order, at 31–32 (*citing In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 995 F.3d 384, 393–94 (5th Cir. 2021) (affirming summary judgment on limitations grounds in three cases)); *see also In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 860 F. App'x 886 (5th Cir. 2021) (affirming summary judgment on limitations grounds in one case).

Only two of approximately 23 Sanofi cases selected for MDL bellwether treatment ultimately made it through case-specific discovery and dispositive motion practice to trial.  *See, e.g., In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 995 F.3d 384, 393–94 (5th Cir. 2021) (affirming summary judgment on limitations grounds in three cases); *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 994 F.3d 704 (5th Cir. 2021) (affirming summary judgment on warnings causation grounds); *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. 18-11728, 2021 WL 230243, at *5 (E.D. La. Jan. 22, 2021), appeal dismissed sub nom; *Greer v. Sanofi U.S. Servs., Inc.*, No. 21-30099, 2021 WL 3674122 (5th Cir. June 17, 2021) (granting judgment on the pleadings on limitations grounds); *see also In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. 2:16-md-02740, (Doc. 15322) (E.D. La. Dec. 29, 2022) (denying reconsideration of dismissal of 223 non-bellwether cases on limitations grounds under Mississippi law, based on the reasoning in *Greer*).

Six MDL bellwether Plaintiffs were dismissed on dispositive motions after limited discovery including only 1-4 depositions.  *See* Transfer Order at 26-27.  In addition, summary judgment on limitations was recently granted in all four bellwether

4860-6351-7836

cases in consolidated Taxotere Multi County Litigation ("MCL") in New Jersey state court, following limited discovery.  *See, e.g.*, *Adams v. Sanofi U.S. Servs.*, 2023 N.J. Super. Unpub. LEXIS 927, *1.

The MDL Court and New Jersey MCL Court accepted and ruled on dispositive motion briefing in bellwether cases after limited "phase I" discovery had been completed.  These Courts found the testimony of a plaintiff and her prescriber, and related documentation, sufficient to address the threshold issues of timeliness and warnings causation.[2]

Where appealed, the Fifth Circuit affirmed these rulings on these limited records.  No Court has required or considered expert evidence when ruling on these issues, or found a motion following plaintiff and prescriber depositions premature.

Given this experience and the extensive case-specific discovery still needed, Sanofi believes that early dispositive motion practice is the most efficient path for addressing this case.  In particular, Sanofi anticipates filing early dispositive motions addressing the following issues: Whether plaintiff has adequately pled her claims. Whether plaintiff's claims are barred by the statute of limitations. Whether plaintiff's claims are barred by the statute of repose. Whether plaintiff's claims fail for lack of warnings causation.

---

[2] As noted above, the MDL Court granted judgment on the pleadings on the basis of limitations in all cases governed by Mississippi law—without even limited case-specific discovery.

Recognizing the prudence of this approach, other U.S. District Courts with recent transfers from MDL 2740 have approved Sanofi's plan to file early dispositive motions, including the Northern District of Alabama, the Northern District of California, as well as the Middle District of Florida, the Northern District of Georgia, and the Eastern District of Pennsylvania. *See, e.g., Hall v. Sanofi U.S. Servs. Inc. et al*, No. 8:23-cv-1176-KKM-TGW, Case Management & Scheduling Order (Doc. 32).

Divina Bigler asserts that Contrary to Defendants' position, all deadlines to amend her Complaint have not passed. Defendants are correct in stating that Plaintiff in the MDL had the opportunity to join additional parties and amend pleadings, but they fail to provide the context of the amendments which Plaintiffs sought. Specifically, Plaintiffs sought to include additional factual allegations regarding Sanofi's conduct relevant to tolling/timeliness issues and to amend the definitional allegation of PCIA because the original allegation was vague as to when Plaintiffs were aware of such definition and because when a Plaintiff's PCIA developed and/or was discoverable is inherently Plaintiff-specific, necessarily an expert/medical issue, and not tied to a particular arbitrary date. MDL R. (Doc. 8334) (Mot. for Leave to File Pls.' Third Am. Master Long-Form Compl.). Plaintiffs' proposed amendment alleged that there is "no single definition" for PCIA, and therefore the amount of time to establish permanent hair loss varies from patient to patient. *See id*. The Court denied Plaintiffs' Motion for Leave to File Plaintiffs' Third Amended Master Long-Form Complaint on December 12, 2019. *See* MDL R. (Doc. 8702) (Order & Reasons

Denying Pls.' Mot. for Leave to File Pls.' Third Am. Master Long-Form Compl. & Jury Demand).

Currently, the only plaintiff-specific allegations set forth by Ms. Bigler are contained in her individual short form complaint. MDL R. (Doc. 1463) (PTO 73). Pretrial Order No. 105 was entered by the Court, as an influx of requests to amend short form complaints ensued following the MDL Court's denial of leave to amend the Master Complaint, in an effort to streamline the filing of amendments for statute of limitations purposes. MDL R. (Doc. 10338) (PTO 105). The Order was expressly titled: "Short Form Complaint Allegations and Amendments – Statute of Limitations Order."  Thus, for the purposes of making amendments relevant to the statute of limitations, PTO 105 limited the substance of what Plaintiffs would be granted leave to file to: "factual allegations regarding particularized facts individual and specific to each Plaintiff's medical care and treatment and/or that Plaintiff's communications with medical professionals."  Plaintiffs' position is that PTO 105 impermissibly limited the ability of Plaintiffs to allege case specific facts without conducting the necessary analysis of whether to grant leave under Rule 15.   Nonetheless, the parties subsequently stipulated that Plaintiffs would "not to seek leave to amend SFCs to add or include any allegations that are inconsistent with PTO 105 or this Court's Orders addressing motions to amend SFCs, including any allegations that have been previously disallowed by the Court." MDL R. (Doc. 11347).  This was done to avoid the necessity of the Court having to rule on possibly hundreds or thousands of amendments.  In exchange for the Plaintiffs' stipulated agreement, the Defendants

agreed that if a "Defendant seeks dismissal of any case based on a statute of limitations, it agrees that it will not argue waiver based on any Plaintiff's refraining from amending her SFC to include allegations inconsistent with PTO 105, as described in paragraph 2 hereinabove." *Id.* Accordingly, there was a proverbial "pin" put on this issue. Despite this express agreement, Defendants now argue to this Court, precisely what they stipulated they would not argue, that Ms. Bigler has waived her right to amend her complaint because the "deadline" to amend in the MDL has passed. That argument falls flat, as there has never been a case-specific deadline in Ms. Bigler's matter for amendments of pleadings.

Furthermore, many short form complaint amendments have been accomplished after the deadline established by PTO 105 for other reasons, i.e., amending named defendants and/or amending causes of action. Thus, it is simply incorrect that all deadlines for amending complaints have passed. Rather, under Rule 54(b) this Court has vast discretion to reconsider the interlocutory ruling in PTO 105 that limited Plaintiffs' ability to seek leave to amend under Rule 15. Fed. R. Civ. P. 54(b).

The short form complaint employed in the MDL did not enumerate sections where plaintiff-specific facts were appropriate beyond having the plaintiff identify where she lived, where she was treated, the time-period of her use of the drug in question, the time-period her injury occurred and a brief description of her injury. The short form complaint did not ask plaintiff to assert case-specific factual information concerning when she learned the underlying cause of her injury. As such, Ms. Bigler

4860-6351-7836

has been unable to plead any additional case specific facts such as when she learned of the connection between her injury and her use of Taxotere yet Sanofi seeks to dismiss her claims as set forth above on statute of limitations grounds based upon the minimal case specific allegations contained in Ms. Bigler's short form complaint.  Furthermore, when filing her short form complaint, Ms. Bigler was bound to the pleading of those causes of action as set forth in the master.  To date, Ms. Bigler has not had an opportunity to amend her complaint to allege specific acts of concealment which hindered her (and her doctors') ability to discover the connection of her injury to Taxotere. As such, plaintiff's requests to be provided until March 31, 2024 to file a motion for leave to amend her complaint.

If the Court is inclined to permit plaintiff to amend her complaint, Sanofi requests full briefing on the issue.

## IV.  The Status of Any Mediation/Settlement Efforts to Date

There have been ongoing discussions about resolution of groups of cases with the MDL Settlement Special Master John Jackson, as well as individual cases, with both group and individual settlements having been reached.  The parties intend to continue working toward early resolution of this case.

## V.  A Proposed Trial Date and Deadline for Dispositive and *Daubert* motions

As noted in the Case Management Report (Doc. 24), the parties proposed a May 2026 trial date. The parties also propose a November 14, 2025, dispositive and *Daubert* motion deadline.  *Id.*  The parties, however, believe an earlier and non-

exclusive dispositive motion deadline based on learned intermediary and/or statute of limitations should exist too, perhaps November 15, 2024.  *Id.*

## VI. Other Information the Parties Believe the Court Should Know Regarding the Case

Due to the volume of cases being remanded to the Middle District of Florida, Sanofi respectfully suggests that this Court facilitate a discussion about how to manage the large influx of cases in the most efficient way.

Respectfully submitted,

*/s/ Russell W. Lewis, IV*
Russell W. Lewis, IV
Pierce Jones
**JOHNSON LAW GROUP**
2925 Richmond Avenue, Suite 1700
Houston, Texas 77098
Telephone: 713.626.9336
rlewis@johnsonlawgroup.com
pjones@johnsonlawgroup.com

***Attorneys for Plaintiff Divina Bigler***

*/s/ Anitra R. Clement*
Connor J. Sears
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, Missouri 64108
Telephone: 816.474.6550
csears@shb.com

Anitra R. Clement
**SHOOK, HARDY & BACON L.L.P.**
100 North Tampa Street, Suite 2900
Tampa, FL 33602-5810
Telephone: 813-202-7100
aclement@shb.com

***Attorneys for Sanofi US Services Inc., f/k/a
Sanofi-Aventis U.S. Inc. and Sanofi-Aventis
U.S. LLC***

4860-6351-7836